# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60657
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2018

Lyle W. Cayce
Clerk

RAFAEL ANTONIO MENDOZA-VASQUEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 293 538

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

Rafael Antonio Mendoza-Vasquez, a native and citizen of El Salvador, proceeding *pro se*, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal of the immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He asserts the IJ ignored crucial background context on Salvadoran gangs and did not apply the appropriate

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

framework to determine whether he qualified for relief from removal as a person fleeing Central American gangs based on his political opinion or a political opinion imputed to him.

As an initial matter, Mendoza does not address the reasons the BIA articulated for upholding the IJ's denial of his application for asylum, withholding of removal, and CAT relief: he failed to challenge the IJ's adverse credibility determination, and to meaningfully challenge the denial of CAT relief. He does not identify any error in the BIA's analysis. Accordingly, he has abandoned any challenges to the BIA's dismissal of his appeal on those grounds. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (issues not raised and briefed considered abandoned).

Further, we lack jurisdiction to consider his assertion that the IJ and BIA erred by failing to consider his asylum claim based on political opinion, because Mendoza did not present it to the IJ. *See* 8 U.S.C. § 1252(d)(1) (only exhausted claims are reviewable); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) ("Failure to exhaust an issue creates a jurisdictional bar as to that issue.").

DISMISSED IN PART; DENIED IN PART.